IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　Plaintiff, | }<br>}<br>} |
| vs. | } 　Case No. 13-10169-01 EFM |
| | } |
| JOSHUA DAVID BELLAH,<br>　　　Defendant. | }<br>}<br>} |

## DEFENDAN'S RESPONSE TO THE UNITED STATES' MOTION FOR RESTITUTION

COMES NOW the defendant, Joshua David Bellah, by and through his attorney, Steven K. Gradert, Assistant Federal Public Defender for the District of Kansas, and files this response to the United States' Motion for Restitution (Doc. 32).

The Government's motion is made pursuant to Title 18, United States Code, Section 2259, and is based in part, on the decision in *Paroline v. United States*, 134 S. Ct. 1710 (2014).

The sole issue in *Paroline* was how to determine the amount of restitution owed by one convicted of possessing child pornography to the victims identified in those images possessed by the defendant. *Id.* at 1716.

The Supreme Court cautioned district courts that "[r]estitution orders should represent 'an application of the law,' not 'a decision makers caprice.'" *Id.* at 1729.

*Paroline* described two categories of evidence necessary to assess restitution, individual culpability evidence and contextual evidence. The former focuses on the defendant's individual role in the casual process. *Id.* at 1728. This would include things such as the number of images possessed, distribution, or production. These factors are not at issue in the instant

case. There is evidence in this case the defendant distributed by e-mail and blog posts some of the child pornography images, however, there is no specific evidence that any of the particular victims requesting restitution had their images distributed. There is no evidence the defendant was involved in the production of any of the images. There is evidence of the number of images of each victim that the defendant possessed.

The United States admits that it either has no contextual evidence or somehow dismisses it by suggesting that it has no practical use because it has a tendency to act as a "divisor" of the victims general losses, which are "ever-diminishing" and would result in "trivial" or "nominal" restitution awards.

Counsel submits that the Supreme Court intended this contextual evidence to frame a particular defendant's role within the larger picture, that is, the entirety of the victims' loss and status of recompense. This type of evidence provides a basis to determine comparative culpability. The guidelines suggested by the Court in *Paroline* to make these determinations include: (1) "the number of past criminal defendants found to have contributed to the victims' general losses"; (2) "reasonable predictions of the number of future [defendants]"; and (3) "any available and reasonably reliable estimate of the broader number of offenders." *Id.*

These three guidelines are critical in not only establishing the goal of *Paroline* that victims receive some restitution in each case, but to also ensure "that defendants should be liable for the consequences and gravity of their own conduct, not the conduct of others." *Id.* at 1729. Using these guidelines will make sure that each defendant will bear their appropriate share of the losses to the victims.

*Paroline* makes it clear that the Government bears the burden of proving both individual culpability and contextual evidence, as both are necessary to any "reasonable and circumscribed" restitution award. *Id.*

The Government in the instant case has attempted to evade its burden of providing contextual evidence, but *Paroline* will not permit such sidestepping. Absent this sort of global evidence, any individual monetary assessment is capricious. To arrive at a non-capricious, reasonable, and circumscribed amount, this Court must have available some evidentiary measure of Mr. Bellah's role in the broader causal process.

The Government admits it cannot or will not be able to fulfill that obligation. All the Government has shown is that Mr. Bellah possessed a particular number of images and that they speculate that the defendant distributed some of them due to what appears to be a higher level of interest in one gender over another. In many of the requests the Government has arrived at an amount that is 1% of the total "general loss" and claims anything less would be token or trivial. In the final claim regarding the SpongeBob series, the post-*Paroline* awards have been well lower than the arbitrary amount suggested by the Government.

Counsel has learned that within the District of Kansas, Judge Robinson was presented a similar argument, with the Government making excuses for not being able to prove the contextual evidence and initially the Court did not award any restitution. After reconsideration of the requirement that some restitution had to be awarded, the Court ordered the amount of $500.00 per victim. See *United States v. Laub*, Case No. 12-40103-01 JAR.

## **CONCLUSION**

Defendant asserts that although the Government has made a valiant effort to elaborately explain the basis for its restitution awards, it falls well short of the suggestions in *Paroline* to determine the individual culpability and contextual evidence to allow a "reasonable and circumscribed" assessment of restitution.

Counsel submits the approach taken by Judge Robinson allows for an award that is not too severe, but is more than a trivial amount.

Respectfully submitted,

MELODY BRANNON EVANS
Federal Public Defender


s/Steven K. Gradert
STEVEN K. GRADERT
KS Sup. Ct. No. 12781
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: steve_gradert@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2014, I electronically filed the foregoing DEFENDANT'S RESPONSE TO THE UNITED STATES' MOTION FOR RESTITUTION with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Jason W. Hart
Assistant U.S. Attorney
301 N. Main, Suite 1200
Wichita, KS  67202


s/Steven K. Gradert
STEVEN K. GRADERT
KS Sup. Ct. No. 12781
Assistant Federal Public Defender
Federal Public Defender Office
301 N. Main, Suite 850
Wichita, KS 67202
Telephone: (316) 269-6445
Fax: (316) 269-6175
E-mail: steve_gradert@fd.org